[Civ. No. 1085.  Second Appellate District.—July 15, 1912.]

## TITLE INSURANCE & TRUST COMPANY, a Corporation, Appellant, v. KING LAND & IMPROVEMENT CO., a Corporation, G. W. BURLEIGH, C. R. WARD and ROBERT McFADDEN, Respondents; W. J. KING et al., Codefendants.

UNTENABLE ACTION ON NOTE—PAYMENT AT MATURITY A CONDITION OF OPTION TO BUY LAND—RESCISSION OF OPTION BEFORE SUIT—RELEASE OF MAKERS AND GUARANTORS.—Where plaintiff had contracted with a defendant, as principal, that on condition that he should pay a note executed by a comaker with him, and indorsed by other parties as guarantors, at maturity, he should be entitled to an option to buy land at an agreed price, and upon the failure to pay the said note at maturity, plaintiff rescinded the option, by notifying such defendant "that all your rights under the said option agreement have been, by your failure promptly to pay said note, terminated and you are hereby given formal notice to that effect," such rescission terminated all liability of the makers and guarantors upon the note, and the plaintiff cannot thereafter maintain an action thereon.

ID.—AGREEMENT FOR OPTION EXECUTORY—TERMINATION—ESTOPPEL.—The contract, so far as affecting the giving of an option, is to be interpreted as executory on both sides. The contracting defendant could not, under his executory agreement, secure the option until he had satisfied the indebtedness which constituted the consideration for his privilege; and the executory contract to give the option was by its terms dependent upon such payment, and could be rescinded for nonpayment. When it is thus terminated on both sides, neither party can thereafter in any way enforce the contract. The plaintiff cannot be permitted to collect the full consideration agreed to be paid as the price of an optional right, and at the same time decline to permit the exercise of such right.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellant.

Scarborough & Forgy, for Respondents.

JAMES, J.—This action was brought by the plaintiff on a promissory note made for the principal sum of $10,000 executed by the King Land & Improvement Co. and W. J. King, and guaranteed by respondents G. W. Burleigh, C. R. Ward and Robert McFadden. Judgment was in favor of the respondents mentioned. The appeal is on the part of plaintiff and is taken from the judgment and also from an order denying a motion for a new trial.

In October, 1907, plaintiff, acting as trustee for the owners of a considerable acreage in the Rancho Sausal Redondo, in Los Angeles county, made an agreement with W. J. King, whereby it was provided that the said King should be given an option to purchase the real estate so held in trust for the total amount of $130,000. A similar agreement had previously been made between the same parties, but King, having failed to fulfill the obligations thereof on his part to be performed, a new arrangement was consummated and a second writing executed. In this writing it was first recited that it was the desire to give a further extension of the option to King, and that the original agreement was abrogated and annulled, and it was then recited:

"2. That in consideration of the nine thousand ($9000) dollars heretofore paid as herein recited, and in further consideration of the execution of two promissory notes to the party of the first part by the party of the second part and the King Land and Improvement Company, a corporation, said notes dated October 1, 1907, drawing interest from date at the rate of 6 per cent per annum, the first of said notes for $6,000, payable on or before November 5, 1907, the second of said notes for $10,000 payable on or before March 1, 1908, and both of said notes endorsed and guaranteed by W. J. King, Chas. Kern, Dr. Geo. Burleigh, A. C. Black, H. E. Smith, C. R. Ward, Robt. McFadden, H. C. Cartmell, Wm. I. Innes and Albert Fuller, and in consideration of the prompt payment of said two promissory notes at the maturity thereof, time being of the essence of the contract with respect to the payment thereof, the party of the first part gives and extends to the party of the second part the exclusive option right and privilege of purchasing the said real property from the party of the first part at the price of one hundred and thirty (130,000) dollars, gold coin of the United States.

"If the party of the second part shall promptly pay both of said notes on or before the maturity thereof, and shall on or before the first of April, 1908, pay to the party of the first part the further sum of $18,334, time being of the essence of said payments together with interest on both of said promissory notes, as herein provided, and with interest upon the said $18,334 at 6 per cent per annum from the first of April, 1907, and if the party of the second part shall then pay to the party of the first part interest upon the sum of $16,000 from April 1, 1907, to October 1, 1907, at the rate of 6 per cent per annum, then the party of the first part will convey to the party of the second part or his assigns, the said property, by deed in form of grant, bargain and sale, said deed to provide however, that the taxes of the year 1907–8 and the year 1908–9 shall be paid by the party of the second part or his assigns, and thereupon and contemporaneously therewith, the party of the second part and his assigns in the said property will execute to the party of the first part two promissory notes, each for the sum of $43,333.33, both bearing interest from the first day of April, 1907, at the net rate of 6 per cent per annum, payable semi-annually, and if not so paid to be compounded, and the party of the second part and his assigns will execute to the party of the first part a purchase money mortgage upon the said property (or a trust deed, at the election of the party of the first part) in the form used by the party of the first part, providing among other things, that the interest secured thereby shall be net at the rate of 6 per cent per annum and making such provision in the said mortgage or trust deed, at the option of the party of the first part, as shall secure that end."

The promissory notes were duly executed as in the agreement provided, and the first note of $6,000 was paid. Default was made in the payment of the $10,000 note, and on April 1st the plaintiff caused to be served upon King the following notice:

"Dear Sir:

"Under an agreement entered into between you and this corporation on the first day of October, 1907, it was, among other things, provided that if you should promptly pay a note of $10,000 in said contract referred to, on or before March 1st, 1908, time being of the essence of the contract with respect

to the payment thereof, the undersigned would give and extend to you the exclusive option and privilege of purchasing certain real property described in said agreement.

"You having failed to pay the said $10,000 promissory note in full, have, of course, failed to secure the option of purchasing said property, and

"You are hereby notified that all your rights under the said option agreement have been by your failure to promptly pay said note, terminated, and you are hereby given formal notice to that effect."

Subsequently this action was brought for the purpose of securing a judgment against the defendants on the $10,000 note. The trial court made. its findings in favor of the respondents first mentioned herein. It is argued on behalf of appellant that the trial court erred in concluding that upon the giving of the above notice, which plaintiff caused to be served upon King on April 1st, plaintiff rescinded the contract and thereby relieved respondents from any liability accruing on account of the $10,000 note. This contention is made upon the argument that the agreement contemplated that the payments evidenced by the $6,000 and $10,000 promissory notes were payments to be made to plaintiff in consideration of an option to purchase being extended to King, and that the consideration having been executed by the plaintiff, liability accrued upon the promissory notes at the dates of their maturity. It is evident that the trial court in interpreting the contract of the parties concluded that the agreement constituted an agreement of sale which, upon rescission thereof exercised by the plaintiff, worked a waiver of the right to collect any of the payments of money provided therein to be made. Viewing the contract in this light, appellant concedes that the judgment would be right. The contract, however, does not appear to impose an obligation on the part of King to purchase at all events; in other words, no terms appear under which it would seem that the plaintiff would have the right to tender full performance, including an offer to transfer title, and enforce a demand against King that he make all of the payments therein specified and execute the two final promissory notes for $43,-333.33 each. The contract, therefore, is incomplete as a contract to sell and to purchase, and must be considered as one by which King was to be allowed an optional right to make

the purchase upon the terms agreed. The question then presents itself as to whether these payments evidenced by the promissory notes for $6,000 and $10,000, respectively, were payments to be made for an executed consideration, to wit, an optional right extending from the time of the making of the agreement up to the date of the maturity of said notes. We are of the opinion that it was not contemplated that King should have any option at all until he made payment of the promissory notes according to their terms, and that the condition imposed upon him was that he should become possessed of this option right when, and only when, both promissory notes had been paid according to their terms; that is, if he paid the notes in full and promptly, then the option to purchase would be extended to him. On the contrary, if he failed to pay the notes promptly, the option right which was to accrue upon these payments being made would not accrue, and plaintiff might decline to allow him to purchase the property for the price agreed upon and rescind the agreement, which in fact it did do. In aid of this conclusion is the language used by plaintiff itself in the notice which it gave to King on April 1, 1908. In that notice it is recited that the agreement provided that if the $10,000 note was paid promptly, "the undersigned would give and extend to you the exclusive option and privilege of purchasing certain real property described in said agreement. You having failed to pay the said $10,000 promissory note in full, have, of course, failed to secure the option of purchasing said property." The agreement, then, as we interpret it, so far as it affected the giving of an option, was executory on both sides. It was rescinded on the part of the plaintiff because of the failure of defendant to satisfy conditions imposed upon him, and having been rescinded, the makers and guarantors of the promissory note for $10,000 were thereby relieved from any liability on that account. Certainly plaintiff could not be permitted to collect the full consideration agreed to be paid as the price of an optional right and at the same time decline to permit the exercise of such right. King could not under his agreement have claimed the privilege of purchasing the real property at the agreed price of $130,000 until he had satisfied the indebtedness evidenced by the promissory notes which constituted the consideration to be paid by him for that privilege. The effect of

the notice of rescission given to King by plaintiff was to inform him that the optional privilege to purchase would not be extended to him, because he had failed to pay the consideration therefor; and if the right of plaintiff to collect upon the $10,000 note is sustained, the result would be that full payment would be exacted for a right which plaintiff declined and refused to give in return therefor. The contract under consideration is difficult of construction, and it is not easy to perceive just what was the intent of the parties at the time they made it. If there had been incorporated in it sufficient to show an obligation on the part of King to purchase at all events, then there would be shown sufficient substance to make a very complete contract of sale and purchase. Being lacking in such provisions as we have mentioned, however, we think it should be construed as a contract to give an option, and one subject to the construction which we have given it. We conclude that the judgment of the trial court was right, nevertheless, because plaintiff, having rescinded the agreement to give an option, waived its right to exact payment on the $10,000 note, and that all of the makers and guarantors thereof were consequently relieved from liability.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1912.